*174 SUMMARY ORDER
Third-party plaintiff-appellant E-21 Global, Inc. (“E21” or “plaintiff”) appeals from an order granting judgment as a matter of law in favor of third-party defendants-appellees, Second Renaissance LLC (“SRLLC”) and Gerald P. Colapinto (“Co-lapinto”) at the close of the evidence in a jury trial for plaintiffs fraud action. Plaintiffs fraud action arose out of its purchases, along with those of Craig Franco (“Franco”), of sublicenses to manufacture and sell reproductions of certain works of art from Bangkok Crafts Corporation (“BCC”) and its assignee, Treasures of St. Peter’s in the Vatican, Ltd. (“TSV”), which had a master license from Capitolo di San Pietro in Vaticano (“Capitolo”). At the time E21 purchased each of its subli-censes, SRLLC and Colapinto were acting as the marketing and sales agents for BCC. In 2002, BCC filed a complaint against Capitolo asserting breach of contract, fraud, conversion, and unjust enrichment, seeking declaratory judgment and specific performance. In 2003, Capitolo filed its answer and counterclaims and also joined all of BCC’s sublicensees, including E21, as counterclaim defendants, alleging unjust enrichment and violations of the Latham Act and New York Unfair Competition Law.
On November 26, 2003, E21 filed a reply to Capitolo’s claims and joined TSV, TSV and Capitolo’s owner, Colapinto, and SRLLC, as additional counterclaim defendants. On June 23, 2004, the District Court granted partial summary judgment to Capitolo on its counterclaim against BCC, finding that the master license Capi-tolo sold to BCC in 2000 was void. On February 8, 2005, the District Court held that, as result of the void master license, the sublicenses BCC issued to E21 in September 2000 were also void. A jury trial on E21 and Franco’s fraud claims against Colapinto and SRLLC was held between March 31, 2008 and April 8, 2008.[1] Prior to trial, E21 moved in limine to prohibit defendants from disputing the District Court’s finding that the master license was void. The District Court denied the motion, holding that its grant of partial summary judgment did not constitute res judi-cata or the “law of the case” for purposes of the fraud claims against Colapinto and SRLLC.
At the close of the evidence, the District Court granted defendants’ motion to dismiss pursuant to Rule 50(a) of the Federal Rules of Civil Procedure, based on its conclusion that plaintiffs presented no evidence that Colapinto had knowledge that his fraudulent representations were false or that he had reckless disregard for the truth thereof. E21 appeals from the District Court’s grant of judgment as a matter of law in favor of defendants. We assume the parties’ familiarity with the underlying facts, the procedural history, and the issues on appeal.
Plaintiff argues that the District Court erred in (1) holding that E21 failed to offer evidence of defendant Colapinto’s intent to defraud, and (2) in prohibiting E21 from putting into evidence the District Court’s prior decision which held the master license between Capitolo and BCC invalid.
We review de novo a district court’s order denying a motion for judgment as a matter of law under Rule 50. See, e.g., Phillips v. Bowen, 278 F.3d 103, 108 (2d Cir.2002). In determining whether judgment as a matter of law is appropriate, the court should “review all of the evidence in the record. In doing so ... the court must draw all reasonable inferences in favor of the nonmoving party, and it may not *175 make credibility determinations or weigh the evidence.... [T]he court should give credence to the evidence favoring the non-movant as well as that evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that that evidence comes from disinterested witnesses.” Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150-51, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000) (internal quotation marks and citations omitted). Judgment as a matter of law is improper unless “the evidence points so strongly in favor of one party that a reasonable jury could reach but one conclusion, in favor of that party ... It should be noted, however, that [a] mere scintilla of evidence is insufficient to present a question for the jury.” Fane v. Zimmer, Inc., 927 F.2d 124, 128 (2d Cir.1991) (internal quotation marks and citations omitted).
The District Court concluded that plaintiffs claim for fraud could not stand because plaintiff failed to provide clear and convincing evidence of Colapinto’s scienter. See Cofacredit, S.A. v. Windsor Plumbing Supply Co., 187 F.3d 229, 239 (2d Cir.1999) (“Each element [of a claim for fraud] must be proven by clear and convincing evidence.”) Plaintiff argues that it offered “sufficient evidence from which a reasonable jury could infer that Colapinto’s false and misleading representations were made with the intent to defraud E21.” Appellant’s Br. at 18. However, we agree with the District Court that evidence “from which a reasonable jury could infer” scienter, rather than “clear and convincing” evidence, is insufficient to sustain a claim for fraud. The evidence to which plaintiff draws our attention supports a finding that defendant Colapinto made a false representation of material fact, but it does not by clear and convincing evidence support the claim that Colapinto knew of that falsity or intended to defraud plaintiff. Accordingly, the District Court did not err in finding that plaintiff failed to provide “clear and convincing” evidence sufficient to sustain plaintiffs claim of fraud.
Nor can we conclude that the District Court erred in refusing to consider as the “law of the case” its summary judgment conclusion that Capitolo and BCC’s master license was void. Official Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, 322 F.3d 147, 167-68 (2d Cir.2003). The District Court’s summary judgment determination did not consider the master license as it concerned SRLLC or Colapinto. Even if it was error to rule that plaintiff could not admit the invalidity of the master license, it was harmless error. Evidence that the master license was valid would not have resolved the issue central to plaintiffs fraud case: namely, whether and when Colapinto and SRLLC knew the master license was void.
We have considered the remainder of plaintiffs arguments and find them to be without merit.

CONCLUSION

Accordingly, we AFFIRM the judgment of the District Court.

. E21’s fraud claims against TSV, TSV's owner, and BCC were settled prior to trial.